IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM BULGARIA IN THE MATTER OF DIMITROV | )<br>)<br>)   Misc. No. 08-<br>) |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Bulgaria. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Bulgarian authorities who are investigating a case of alleged tax evasion and money laundering.

EVIDENCE SOUGHT:

The Bulgarian authorities seek information from the Delaware Secretary of State's Office and another company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Cyprus and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte</u>, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: /s/ David L. Hall
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE  19801
(302) 573-6277

Dated: 2/14/08

Certified translation from the Bulgarian original

# SUPREME CASSATION PROSECUTOR'S OFFICE
## INTERNATIONAL LEGAL ASSISTANCE DEPT.

Sofia 1061, 2 Vitosha Blvd., phone: + 359 2/92 1 9 330
Fax + 359 2/988 58 95
e-mail: mpp_vkp@prb.bg

No. 31436/2007
(Please quote)
Sofia, 13.09..2007

TO
THE COMPETENT JUDICIAL AUTHORITIES
OF THE UNITED STATES OF AMERICA

### LETTER ROGATORY

The Supreme Cassation Prosecutor's Office of the Republic of Bulgaria, Sofia

Sirs,

Pre-trial criminal proceedings in investigation case No. 245/06 according to the list of the National Investigation Service, with reference to prosecutor's file No.4615/06 according to the list of Sofia City Prosecutor's Office have been instituted against the following Bulgarian nationals:

- **Valentin Dimitrov Dimitrov**, for a crime pursuant to Article 253 paragraph 5 in connection with Article 20 paragraph 2 in connection with paragraph 1 in connection with Article 26 paragraph 1 PC, committed within the period from 1999 to 2006 in the Republic of Austria under the condition of continuous crime, as perpetrator, and in complicity with Grozdan Dobrev Dobrev as aider, by carrying out financial operations, i.e.: signing contracts for depositing of financial means in an Austrian bank and purchasing of securities to the value of EUR1.642.423 for which he knew they were acquired through crime, the sums being of a particularly large amount and the case extremely grave even for a crime under Article 157 paragraph 1 in connection with Article 255 paragraph 1 PC; and for committing during the period from 1999 until 2006 in Sofia, as proprietor of Pro Mark Single Person LLC by evading payment of tax dues of a particularly large amount and failing to file tax declaration as required, a crime under Article 51 of the Corporate Income Tax Act.;

- **Tsetsa Stancheva Dimitrova**, for a crime pursuant to Article 253 paragraph 5 in connection with Article 20 paragraph 2 in connection with Article 26 paragraph 1 PC, committed within the period from 1999 until 2006 under the condition of continuous crime as perpetrator and in complicity with Grozdan Dobrev Dobrev as aider, by purchasing and sale of shares in Bansko Property Partners 2 Ltd., opening and closing of bank accounts and transfers in them, and contributing to the transformation of property of which she knew at the moment of receiving that it had been acquired through crime by her son Valentin Dimitrov Dimitrov;

182-26860

- **Grozdan Dobrev Dobrev**, for a crime under Article 253 paragraph 5 in connection with Article 20 paragraph 4 in connection with Article 26 paragraph 1 PC, committed within the period from 1999 until 2006 under the condition of continuous crime as aider, in complicity with Valentin Dimitrov Dimitrov as perpetrator, by intentionally aiding him with advice, explanations and promises to provide assistance after the commitment of the criminal offence by eliminating obstacles, to perform financial transactions with funds which he knew to have been acquired through crime, the funds being of a particularly large amount and the offence particularly grave even for a crime under Article 253 paragraph 2 in connection with Article 20 paragraph 4 in connection with Article 26 paragraph 1 PC; and within the period from 1999 until 2006 under the conditions of continuous crime, in complicity with Tsetsa Stancheva Dimitrova as perpetrator, intentionally assisted her through advice, explanations, promises to provide support after the commitment of the crime, and to provide help by purchasing and sale of shares in Bansko Property Partners 2 Ltd, by opening and closing of bank accounts and by transfers through these accounts, to transform property of which she knew at the moment of receiving that it had been acquired through crime by her son Valentin Dimitrov Dimitrov;

- **Krasimir Krasimirov Georgiev**, for a crime pursuant to Article 253 paragraph 5 in connection with Article 203 paragraph 1 in connection with Article 201 in connection with Article 26 paragraph 1 PC, committed in 2005 under the conditions of continuous crime by carrying out transactions with property, covering up the origin of the rights over property and funds granted as credit to Bansko Property Partners 2 Ltd., to the amount of BGN817.271, equal in value to EUR419.216, for which he presumed to have been acquired by crime under Article 203 paragraph 1 in connection with Article 201 paragraph 1 in connection with Article 26 paragraph 1 PC, the funds being of particularly large amount and the case particularly grave; for a crime under Article 253 paragraph 5 in connection with Article 203 paragraph 1 in connection with Article 291 in connection with Article 26 paragraph 1 PC, committed during the period from October 2004 until March 2005 under the conditions of continuous crime through Leaderbell Ltd. by carrying out financial operations (free transfers of funds) deposited in account No. 0004-007886 in the name of Pro Mark SP LLC at Bank Sparkasse, Kufstein, Austria to the amount of EUR447.518 for which he presumed to have been acquired by crime under Article 203 paragraph 1 in connection with Article 201 paragraph 1 in connection with Article 26 paragraph 1 PC, the funds being of particularly large amount and the case particularly grave.

In all above mentioned cases of money laundering as predicate crime, the crime is presumed as one under the provisions of Article 203 paragraph 1 in connection with Article 201 in connection with Article 26 PC: embezzlement of official on a particularly large scale and constituting a particularly grave case which has inflicted damage on Toplofikatsiya Sofia, and therefore preliminary proceedings No. ZM 143/06 according to the list of GD PPOORP (Directorate General for Counteraction Against Crime, Public Order Protection, and Prevention) have been instituted with reference to prosecutor's file No. 9800 / 06 according to the list of Sofia City Prosecutor's Office, where presently the following persons are accused: Valentin Dimitrov, Georgi Rogachev, Emil Antonov, Maya Stoilova, and Lina Ablanska.

The accused Valentin Dimitrov was appointed Executive Director of Teplofikatsiya Sofia PLC in 2002 and in this capacity he had ordered and approved signing of contracts for fittings to be supplied from selected companies: the firms of the accused Maya Stoilova and 32 other companies. It was found that a significant part of the firms were registered in the names of persons or are represented by persons managing them only formally without having any idea about their actual business activities. The business activities of these firms was carried out by other related persons

The fittings sold by these firms to Toplofikatsiya Sofia PLC at unreasonably higher prices was purchased from warehouses where it was kept unsold for many years and was about to t\be recycled. It was established that Toplofikatsiya PLC had paid these companies a total sum of BGN10,500,000. Part of the money was given or transferred to the bank accounts of Valentin Dimitrov as commission for realized transactions. Thus through the embezzlement of official effected through crime, realized by a facilitating crime i.e. by concluding of unfavorable deals, Valentin Dimitrov and the suppliers have benefited. The misappropriated sums were kept by Valentin Dimitrov in bank safes in Sofia, and the agreements for deposits were concluded on behalf of third parties. Later on, the money was transferred to bank accounts of Valentin Dimitrov and his company Pro Mark Ltd in Austria.

In the course of the investigation, evidence was provided by the competent authorities of the Republic of Austria following a Letter Rogatory. The applied banking documents show that on 25.11.2003 Valentin Dimitrov had opened bank account No. 00004007886 in EUR with PRO MARK SP LLC as holder. A great number of transfers were made to this account on behalf of various account parties, one of them being WILMING INVESTY LLC, 42 READ S WAY NEW CASTLE, DE 19720-1649 USA (Appendix 7 – copies of bank documents).

The transfers where WILMING INVEST LLC is account party and with which account No. 00004007886 with holder Pro Mark Single Person LLC was authenticated: Sparkasse Kufstein, Savings Bank in Tirol, were performed as follows:
- On 03.12.2003, a sum EUR50.000 was transferred, with indicated reason for payment: Invoice No. 34555 BG/18.11.03.
- On 14.01.2004, a sum EUR43.200 was transferred, with indicated reason for payment: Invoice No. 34678/BG/18.12.03/ROC/RBB100.

In order to clarify the facts of the case it is of great importance investigative activities to be carried out in the United States of America, as follows:

I. We kindly request to be forwarded certified copies by WILIMING INVEST LLC which were the ground for the above mentioned transfers (agreements, invoices, etc. documents), as well as the banker's orders for the transfers to bank account No. 00004-007886 with holder Pro Mark Single Person LLC in Austria, Sparkasse Kufstein, Tirol Savings Bank.

If necessary, and in the event that the above mentioned transfers have been performed through accounts in American banks, we kindly request that the banking secrecy, if such exists, be disclosed and on the grounds of a decision of the competent authorities the above mentioned documents be forwarded to us.

II. We also request the competent authorities to question in the capacity of witnesses the persons who had signed agreements, that had served as a basis for the above transfers and they should be invited to answer the following questions:

1. The witness (witnesses) should make statements with reference to any facts and circumstances related to and on the occasion of the transfers from WILMING INVEST LLC to account No. 00004-0067886 with holder Pro Mark Single Person LLC at Sparkasse Kufstein, Tirol.

2. The witness (witnesses) should made statements about any facts they know with reference to the holder of the above mentioned ban account, Pro Mark SP LLC and to Valentin Dimitrov Dimitrov

how he had received the information about the number of the bank account to which transfers were made.

The information and the materials in writing received by the procedure of legal assistance shall be used as evidence in the above mentioned pre-trial proceedings.

The above investigative procedures should be carried out by your competent authorities in accordance with laws of your country and the applied concrete request on the grounds of Article 18 of the UN Convention Against Transnational Organized Crime.

We avail ourselves of the opportunity to give expression of your respect for the Judicial Authorities of the United States of America and to assure you of our intentions for a fruitful cooperation.

Appendix: Request for legal assistance No. 4615/2006 of Sofia City Prosecutor's Office in Bulgarian and translated into English.

Respectfully:

Public Prosecutor: (signature illegible)
D. Masheva

---

I, the undersigned Georgi Arpadjikov, do hereby confirm the truthfulness of the translation of the appended document consisting of 4 (four) pages
Translator:
Georgi Ch. Arpadjikov, ID No 3406066725

CERTIFIED THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA _____
                          DIRECTOR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM BULGARIA IN THE MATTER OF DIMITROV | ) ) ) Misc No. 08- ) |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Bulgaria whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Bulgaria and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Bulgarian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

      3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Bulgaria, which procedures may be specified in the request or provided by the Bulgarian authorities;

      4. seek such further orders of this Court as may be necessary to execute this request; and

      5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Bulgarian authorities.

      IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

      Dated: This _____ day of _____, 2008.

_____
United States District Court Judge